UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MANETIRONY CLERVRAIN,<br>    Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 20-535WES |
| | : | |
| GOVERNOR GINA RAIMONDO,<br>    Defendant.[1] | : | |

**REPORT AND RECOMMENDATION
RECOMMENDING SUMMARY DISMISSAL**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Plaintiff Manetirony Clervrain, a former federal prisoner who is currently detained pending removal in a federal facility in Oklahoma, is a prolific litigant.  See Clervrain v. Marin, Case No. 20-CV-925 JLS (RBB), 2020 WL 5408581, at *1-2 (S.D. Cal. Sept. 9, 2020); Clervrain v. Sawyer, Case No. 1:20-cv-348, 2020 WL 3424893, at *1 (W.D. Mich. June 23, 2020); Clervrain v. Schimel, No. 4:20-CV-538-SRC, 2020 WL 3064203, at *1-2 (E.D. Mo. June 9, 2020), appeal docketed, No. 20-3324 (8th Cir. Nov. 4, 2020).  According to PACER, he is the plaintiff in over one hundred civil actions; Westlaw reflects that he is the plaintiff in federal cases that have resulted in approximately 60 (online) decisions; Lexis reflects approximately 90 such decisions.  See Clervrain v. Cuccinelli, 20-cv-989-bbc, 2020 WL 6702003, at *1 (W.D. Wis. Nov. 13, 2020) ("Plaintiff is a prolific litigator, and has filed more than 100 cases in federal court, most of which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.").  In this Court, acting *pro se*, purportedly on behalf of a putative class,

---

[1] In the caption of his complaint, Plaintiff identifies the defendant as "Gina Rairondo."  ECF No. 1.  The Court has assumed that Plaintiff intended to name Gina Raimondo, the Governor of the State of Rhode Island.  See Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000) (court interprets *pro se* filings liberally).

Plaintiff has filed a rambling civil pleading that seems to assert that he and other class members (described as the "Protected Class") are being exposed to genocide by a criminal enterprise involving "ICE"[2] and the "BIA,"[3] among an array of otherwise largely incomprehensible allegations.  ECF No. 1.

Consistent with his pattern in other cases, Plaintiff names as the only defendant a Rhode Island state official, Governor Gina Raimondo, but makes no attempt to explain how the Governor of Rhode Island is conceivably responsible for whatever constitutional or federal statutory injury he is alleging.[4]  See, e.g., Clervrain v. Herbert, Case No. 2:20-CV-880-JNP, 2020 WL 7714735, at *1 (D. Utah Dec. 29, 2020) ("the governor of Utah – the only respondent named – cannot possibly have the authority to release Petitioner from a detention facility in Oklahoma"; dismissed for failure to state a claim); Clervrain v. Benner, 8:20CV513, 2020 WL 7632142, at *1 (D. Neb. Dec. 22, 2020) ("Plaintiff . . . neglects to describe the Defendant, his place of residence, his actions or inaction, and how he constitutionally harmed Plaintiff"; dismissed as frivolous); Marin, 2020 WL 5408581, at *2-3 (plaintiff names former state official from elsewhere as defendant, "but does not explain who [he] is, where he resides, or what constitutional injury he had inflicted"; dismissed as frivolous).  In his prayer for relief, Plaintiff requests an Order terminating the federal removal proceeding and a "vacatur of his [federal] conviction" but fails to explain how a state official in Rhode Island is the proper party to achieve those goals.  ECF No. 1 at 7.  As to the merits, the complaint is incomprehensible, a conclusion that is corroborated by review of just a few of the multitude of published decisions available

---

[2] Presumably, "ICE" refers to the federal Immigration and Customs Enforcement agency.

[3] Presumably, "BIA" refers to the federal Board of Immigration Appeals.

[4] Governor Raimondo's name (spelled as "Rairondo") appears in the caption of the pleading; it is entirely missing from the body of the complaint.

online, which reveals that Plaintiff's claims here are substantially the same as many he has recently filed around the country, which have subsequently been dismissed as "indecipherable" or "unintelligible." See, e.g., Clervrain v. Pompeo, No. 4:20-CV-00555-SRC, 2020 WL 7714613, at *1 (E.D. Mo. Dec. 28, 2020) ("indecipherable" complaint that discusses "apartheid, genocide, terrorism, the Vienna Convention, and mass deportation" dismissed); Benner, 2020 WL 7632142, at *1 ("unintelligible" complaint dismissed as frivolous); Marin, 2020 WL 5408581, at *2 ("while Clervrain's cases [filed across the country] name different defendants, they are all essentially 'jabberwocky'") (quoting Clervrain v. Wilson, No. 2:20-CV-02061, 2020 WL 1977392, at *2 (W.D. Ark. Apr. 24, 2020)).

With his complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP"). ECF No. 2. The IFP motion has been referred to me for report and recommendation.[5] Based on my review of the IFP application, I conclude that Plaintiff has satisfied the requirements of 28 U.S.C. § 1915(a)(1); accordingly, if the complaint survives screening, I will grant the IFP motion. However, because of the IFP application, this case is subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, I recommend that the complaint be summarily dismissed for failure to state a claim and as

---

[5] Despite Plaintiff's long list of cases dismissed as frivolous or for failure to state a claim, his IFP motion is not subject to the Prison Litigation Reform Act's ("PLRA") three-strike rule, which bars prisoners who have had three or more actions dismissed as "frivolous, malicious, or [for] failure to state a claim" from proceeding IFP. 28 U.S.C. § 1915(g). Since Plaintiff finished serving his federal sentence in August 2019 and was detained awaiting removal, he ceased to be a "prisoner" for purposes of § 1915(g). Marin, 2020 WL 5408581, at *1 n.1; Clervrain v. Pompeo, No. 4:20-cv-555-SRC, 2020 WL 4732044, at *1 (E.D. Mo. Aug. 14, 2020). Although the First Circuit has yet directly to consider the question, this conclusion is amply buttressed by the determination of other Circuits that have addressed the issue; they concur that the three-strike rule does not apply to a civil immigration detainee. See Cohen v. Zaki, 411 F. App'x 136, 140 (10th Cir. 2011) (strike provisions of PLRA do not apply to alien detainee being held in immigration custody); Tavares v. Attorney Gen. U.S., 211 F. App'x 127, 128 n.2 (3d Cir. 2007) (immigration detainee not a "prisoner" for purposes of PLRA and thus not subject to strike); Andrews v. King, 398 F.3d 1113, 1121-22 (9th Cir. 2005) (dismissals of actions brought while plaintiff was in the custody of INS do not count as strikes under § 1915(g) so long as not facing criminal charges); cf. Ziglar v. Abbasi, 137 S. Ct. 1843, 1878 (2017) (Breyer & Ginsburg, JJ., dissenting) ("[b]y its express terms, the Prison Litigation Reform Act . . . does not apply to immigration detainees").

frivolous.  See Tavares v. Coyne-Fague, C.A. No. 19-419WES, 2019 WL 3976012, at *1, 4 (D.R.I. Aug. 22, 2019), appeal dismissed, No. 19-2190, 2020 WL 2703658 (1st Cir. Mar. 20, 2020) (quoting Brown v. Rhode Island, 511 F. App'x 4, 5 (1st Cir. 2013) (complaint that is "patently meritless and beyond all hope of redemption" may be summarily dismissed without leave to amend)).

Section 1915 of Title 28 requires a federal court to dismiss an action if the court determines that the complaint fails to state a claim or is frivolous.  28 U.S.C. § 1915(e)(2)(B)(i-ii).  The standard for dismissal is identical to the standard on a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6).  Hodge v. Murphy, 808 F. Supp. 2d 405, 408 (D.R.I. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.  As noted *supra*, because Plaintiff is *pro se*, the Court has interpreted his pleadings liberally.  Instituto de Educacion Universal Corp., 209 F.3d at 23.

Plaintiff's complaint fails to state a claim for a plethora of reasons.  Instead of itemizing all of them, I focus the Court's attention on the one that is sufficient for summary dismissal for failure to state a plausible claim – the naming of the Governor of Rhode Island in connection with a claim based on actions taken by various federal agencies (ICE and BIA) causing Plaintiff to be detained in Oklahoma.  There is no conceivable – never mind plausible – way that the Governor of Rhode Island could be liable in this case nor does the complaint even try to draw a link between her and Plaintiff's alleged injury; therefore, I recommend that the Court dismiss the complaint for failure to state a claim.  Because Plaintiff has randomly sued other state officials

with no conceivable basis for doing so (which cases have been dismissed for that reason, see e.g., Herbert, 2020 WL 7714735, at *1; Marin, 2020 WL 5408581, at *2), I further recommend that the complaint be dismissed as frivolous.[6]

Based on the foregoing, I recommend that the Court summarily dismiss the complaint for failure to state a claim and as frivolous and deny the IFP motion as moot. Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
January 15, 2021

---

[6] This recommendation does not affect the rights of Plaintiff's purported putative "class." The alleged class claims are a nullity – as a *pro se* litigant, Plaintiff is not qualified to act on behalf a class. Harris v. Perry, No. 15-222-ML, 2015 WL 4879042, at *4 (D.R.I. July 15, 2015) ("[i]ndividuals appearing *pro se* cannot adequately represent and protect the interests of a Rule 23 class").